**Helen Wills STRONG; B & C Metal Stamping Company, and Kearney-National, Inc.**

v.

**GENERAL ELECTRIC COMPANY.**

**Civ. A. No. 9508.**

United States District Court
N. D. Georgia,
Atlanta Division.

Oct. 20, 1969.

King & Spalding, Atlanta, Ga., Watson, Cole, Grindle & Watson, Richard E. Babcock, Jr., Walter D. Ames, Washington, D. C., for plaintiffs.

Sutherland, Asbill & Brennan, Joseph B. Brennan, Atlanta, Ga., for defendant; John W. Malley and Edgar H. Martin, Cushman, Darby & Cushman, Washington, D. C., and Francis X. Doyle, Pittsfield, Mass., of counsel.

### ORDER

EDENFIELD, District Judge.

This is an action for injunctive relief, treble damages, costs, and attorneys' fees, arising out of defendant's alleged infringement of two of plaintiffs' meter box patents, *i. e.*, (1) United States Patent No. 3,123,744 (the "Fisher" patent), which is owned by plaintiff Kearney-National, Inc., and (2) Patent No. 2,-991,398 (the "Strong" patent), which is owned by plaintiff Strong and under which Kearney-National is exclusive licensee.

Following a non-jury trial on the merits as to the validity of the Strong patent the court found that more than one year prior to the filing of the patent application the invention claimed therein had been (1) disclosed by publication and (2) in public use and on sale. The Strong patent was therefore held to be invalid and interlocutory judgment was entered accordingly. D.C., 305 F.Supp. 1084. The case is now before the court upon defendant General Electric's motion for summary judgment with regard to the Fisher patent.

General Electric contends that the Fisher patent is invalid as a matter of law in that the invention described therein (1) was in public use and on sale more than one year before application for patent was made, (2) was described in a printed publication more than one year before the patent was applied for, and (3) did not represent a patentable improvement over prior art. The first ground is decisive and it is upon that ground that the court bases its decision, without reaching the questions presented by grounds (2) and (3).

█ It is undisputed that samples of the Fisher meter box were delivered to Duke Power Company for unrestricted use in March, 1961, thirteen months before the patent application was filed on April 4, 1962. Plaintiffs contend that the boxes were *given* rather than *sold* to Duke Power and that a gift does not invalidate a patent under 35 U.S.C. § 102 (b). That contention is utterly without merit. An inventor may not prolong the statutory period of monopoly by any means whatever and it matters not one iota whether he seeks to do so by "giving" the invention away instead of by selling it—the result is the same, *i. e.*, if he does so more than one year before applying for his patent he loses any right he might otherwise have had to patent the invention.[1]

█ Furthermore, plaintiffs admit that the samples were given to Duke Power Company for the express purpose of getting them put on Duke's approved list so that Duke would purchase boxes of that type from B & C. Plaintiffs contend that there was no price quotation at that time and that therefore the boxes were not "on sale" within the meaning of § 102(b). In support of that contention plaintiffs cite the case of Chicopee Mfg. Corp. v. Columbus Fiber Mills Co., 165 F.Supp. 307 (M.D.Ga. 1958), as standing for the proposition that submission of samples constitutes placing on sale only if the samples are accompanied by a price quotation and only if submission of samples is the normal way of making sales in the business in question. This court does not understand that to be the law and a careful reading of *Chicopee* suggests that it does not support the proposition for which plaintiffs have cited it.

In *Chicopee* plaintiff's submission of samples of cloth to a designer in 1948 was held to constitute placing the cloth on sale [2] even though there was no actual offer to sell, since the plaintiff "would have sold it * * * if [the designer] had indicated a willingness to buy and he would, of course, have also sold yardage goods corresponding to the sample." [3] There is no indication whatever that a price quotation was submitted to the designer along with the 1948 sample.

█ This court finds that Duke Power's unrestricted possession of the Fisher meter box more than one year prior to the patent application constituted a public use within the meaning of 35 U.S.C. § 102(b). The court finds further that plaintiffs submitted the Fisher boxes to Duke for the purpose of having the boxes approved—a necessary prerequisite to Duke's purchasing the boxes—and that submission of samples for this purpose constituted placing the boxes "on sale" within the meaning of § 102(b). The court therefore holds that the Fisher patent is invalid and defendant's motion for summary judgment is hereby granted.

It is so ordered.

1. Egbert v. Lippmann, 104 U.S. 333, 26 L.Ed. 755 (1881) ; FMC Corp. v. F. E. Myers & Bros. Co., 384 F.2d 4 (6th Cir. 1967), cert. denied, 390 U.S. 988, 88 S.Ct. 1183, 19 L.Ed.2d 1291 (1968); Tool Research & Engineering Corp. v. Honcor Corp., 367 F.2d 449 (9th Cir. 1966), cert. denied, 387 U.S. 919, 87 S.Ct. 2032, 18 L.Ed.2d 972, reh. denied, 389 U.S. 893, 88 S.Ct. 17, 19 L.Ed.2d 203 (1967) ; Cloud v. Standard Packaging Corp., 376 F.2d 384 (7th Cir. 1967).

2. Chicopee Mfg. Corp. v. Columbus Fiber Mills Co., 165 F.Supp. 307, 323 (M.D. Ga.1958).

3. *Id.* at 320.